Toni NIELD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9605–CR–301.

Court of Appeals of Indiana.

March 4, 1997.

William F. Thoms, Jr. Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

1.  Ind.Code Ann. § 9–26–1–1 (West 1992).

## OPINION

FRIEDLANDER, Judge.

Toni Nield appeals her conviction of two counts of Failure to Stop After an Accident Involving Injury or Death,[1] a class D felony. Nield presents the following restated issues for review:

1.  Was the evidence sufficient to support the conviction?

2.  Did the conviction of two counts of failure to stop violate double jeopardy principles?

We affirm in part, reverse in part, and remand.

The evidence favorable to the judgment is that at approximately 9:30 p.m. on August 25, 1995, Jerry Backus and Stephen Church were operating motorcycles westbound on 21st Street in Indianapolis. Nield was driving her automobile eastbound on 21st Street. Nield did not see Backus and Church and turned into their paths, striking both motorcycles. Backus and Church were both thrown from their motorcycles and sustained serious injuries.

By coincidence, the accident occurred in front of the liquor store at which Nield worked. Immediately after the collisions, Nield ran into the liquor store and dialed 911. Andrea Yanez, who worked at the What A Tan business located next door to the liquor store and was acquainted with Nield, saw the accident. Yanez ran into the liquor store to call for help and discovered that Nield had already dialed 911 but appeared to be too upset to talk. Yanez took the phone from Nield and supplied the operator with the relevant information. Yanez then saw Nield run out of the back of the liquor store. Yanez ran back to her business, retrieved some towels, and ran to assist Backus and Church. Yanez did not see Nield at the scene of the accident after she saw Nield run out the back of the store.

Nield was convicted as set out previously following a bench trial.

### 1.

Nield contends the evidence was insufficient to support the judgment.

When reviewing the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility, but consider only the evidence favorable to the judgment, together with the reasonable inferences to be drawn therefrom. *Jenkins v. State*, 627 N.E.2d 789 (Ind.1993), *cert. denied*, 513 U.S. 812, 115 S.Ct. 64, 130 L.Ed.2d 21.

IC § 9–26–1–1 provides that a driver involved in an accident resulting in injury or death must do the following: 1) Stop the vehicle immediately; 2) remain at the scene; 3) give his or her name, address, and vehicle identification number; 4) exhibit his or her driver's license upon request; 5) render reasonable assistance to persons injured in the accident; 6) immediately notify the appropriate law enforcement authority; and 7) forward a written report of the accident to the state police department within ten days of the accident. Inasmuch as the elements are listed in the conjunctive, a person commits a criminal offense in failing to adhere to any one of the requirements. *State v. Kimener*, 235 Ind. 191, 132 N.E.2d 264 (1956).

The statute does not clarify the length of time one must remain at the scene of an accident except to provide that the driver must remain long enough to perform certain acts. Yanez testified that Nield left through the back door of the store and did not return. It may reasonably be inferred by Nield's absence after making the phone call that, among other things, she did not comply with the statutory mandate to give her name, address, and vehicle identification number. Nield argued at trial that this requirement was satisfied by virtue of the fact that Nield was known to Yanez and the employees of the liquor store, and that her name and address could be obtained through records kept by both the liquor store and What A Tan, where she was a customer.

It is true that the information Nield was required to give was obtainable through other means in the instant case. In addition to the fact that she was known to Yanez and the employees of the liquor store, the same information could presumably have been obtained by checking the license plate and registration of Nield's vehicle, which was left at the scene. However, this does not alter the fact that Nield was obligated by statute to remain and provide the required information, and she did not do so. Therefore, we conclude that Yanez's testimony was sufficient to support the conviction.

### 2.

Nield contends that her conviction of two counts of leaving the scene of an accident violates double jeopardy principles because both convictions stem from only one accident.

The Double Jeopardy Clause protects a person from suffering a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996). The instant case implicates the third protection mentioned above, i.e., multiple punishments for the same offense.

Legislative intent in enacting a statute is the key consideration when determining whether the Double Jeopardy Clause protects against multiple punishments for the same offense under a particular statute.

> The whole point of whether multiple offenses of the same statute are committed during a single transaction focuses on the definition of the crime involved. [Citation omitted.] Thus, the touchstone of whether the double jeopardy clause is violated is the legislature's articulated intent.

*Marshall v. State*, 563 N.E.2d 1341, 1342 (Ind.Ct.App.1990), *trans. denied.*

In *Kelly v. State*, 527 N.E.2d 1148 (Ind.Ct. App.1988), *aff'd*, 539 N.E.2d 25 (Ind.1989), this court determined that the essence of the crime of operating a vehicle while intoxicated resulting in death is the act of operating a vehicle while intoxicated. This was contrasted with crimes such as murder and battery, for which the gravamen of the offense is causing the death or injury of another person. In the latter cases, the offense prohibited by statute has been violated several times

over where multiple deaths or injuries occur in the course of a single incident. In the former, the statute is violated only once, even if there are multiple deaths.

IC § 9–26–1–1 imposes certain enumerated duties upon a driver who is involved in an accident. Those duties may generally be summarized as immediately notifying law enforcement authorities that the accident occurred, providing information regarding the driver's identity, license, and vehicle, and rendering assistance to injured persons. The statute does not frame these duties in terms of the number of vehicles involved or the number of persons injured. Rather, IC § 9–26–1–1 merely requires that the duties be performed upon the occurrence of "an accident". Had the legislature chosen to impose separate duties for each vehicle or person injured in such an accident, it could have done so. However, we discern no such intent in the language of the statute, and therefore conclude that the essence of the statute is to remain at the scene of an accident and fulfill the enumerated duties, regardless of the number of persons injured.

The statute in question does not define the term "accident". When construing a statute, we attribute the common, ordinary meaning to terms found in everyday speech. *Spangler v. State*, 607 N.E.2d 720 (Ind.1993). An accident is "a sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result." *Webster's Third International Dictionary* 11 (1976). In the context of vehicular collisions, we conclude that an "accident" means the entirety of an occurrence that results from a common initiating event, regardless of whether more than two vehicles were involved.

In the instant case, although Nield struck two separate motorcycles, the impacts were nearly simultaneous and were the result of the same improper turn. We conclude that, consistent with the ordinary meaning set out above, Nield was involved in only one "accident" within the meaning of IC § 9–26–1–1. Accordingly, because the essence of the statute is that a driver is to remain at the scene of an accident and fulfill

the prescribed duties, Nield could not be convicted twice under the statute for leaving the scene of a single accident. Therefore, we remand with instructions to dismiss one of the convictions and to resentence accordingly.

Judgment affirmed in part, reversed in part, and remanded.

KIRSCH and STATON, JJ., concur.