Jennifer WOODS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9712–CR–536.

Court of Appeals of Indiana.

Dec. 31, 1998.

Thomas D. Collignon, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State charged Jennifer Woods with Criminal Trespass, a Class A misdemeanor,[1] after she was asked but refused to leave the premises of Bally Total Fitness Health Club ("Bally's"). Following a bench trial, Woods was convicted as charged. Woods presents one issue for review which we restate as whether the State proved beyond a reasonable doubt that Woods did not have a contractual interest in the property occupied by Bally's.

We reverse.

### FACTS

In 1990, Woods became a member of Bally's under a three-year membership contract, which she could renew annually. On January 2, 1997, Woods contacted Bally's regional office to renew her membership. She paid by MasterCard, and the charge was posted to her credit card account on January 6, 1997.

On January 7, 1997, Woods went to Bally's to exercise. She presented her membership card to the receptionist, who informed her that there was a problem with her card. However, Woods was permitted to exercise while Bally's attempted to resolve the prob-

lem. Woods was in the parking lot preparing to leave after her workout when she realized that she had not retrieved her card. Upon returning to the reception area, she was informed that her membership had expired, as evidenced by computer records. Over Woods' objection, the receptionist refused to return the card to Woods.

Woods was referred to Bally's general manager, Brian Collier. Woods informed Collier that she would leave the premises if he returned her membership card. Woods became disruptive, and Collier asked her to accompany him to the office to discuss the matter. He retained the card during that discussion. Eventually, Collier asked Woods to leave because of the disturbance she was causing. Woods started to leave but then changed her mind and returned to Collier's office. Collier again asked her to leave. Collier warned her that he would call the police if she refused, and Woods agreed that he should call the police.

Subsequently, Indianapolis Police Officers Donald Payton and Gerald Neuman arrived at Bally's and asked both Collier and Woods to explain the dispute. Collier stated that there had been a disagreement about Woods' membership status and that Woods had refused Collier's request to leave the facility. The officers then asked Woods to leave and arrested her when she refused.

### DISCUSSION AND DECISION

■ Woods complains that the State presented insufficient evidence to sustain her conviction for criminal trespass. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Nield v. State*, 677 N.E.2d 79, 81 (Ind.Ct.App.1997). We consider only the evidence favorable to the judgment, together with the reasonable inferences to be drawn therefrom. *Snyder v. State*, 655 N.E.2d 1238, 1240 (Ind.Ct.App.1995). If there is substantial evidence of probative value to support the conviction, the decision will not be set aside. *Owens v. State*, 659 N.E.2d 466, 474 (Ind.1995).

---

1. *See* Ind.Code § 35–43–2–2.

■ Indiana Code § 35–43–2–2(a)(2) states that "a person who, not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person, having been asked to leave by the other person or that person's agent" commits criminal trespass, a Class A misdemeanor. Lack of a contractual interest in the property is a material element the State must prove to convict a person of criminal trespass. *Fleck v. State,* 508 N.E.2d 539, 540 (Ind.1987). Woods claims that she had a contractual interest in the property by virtue of her membership contract with Bally's. We must agree.

■ The primary goal in interpreting the meaning of a statute is to determine and effectuate the legislative intent. *Freeman v. State,* 658 N.E.2d 68, 70 (Ind.1995). In determining legislative intent, courts must also consider the objectives and purposes of the statute in question and the policy underlying the statute's enactment. *Miller v. State,* 641 N.E.2d 64, 68 (Ind.Ct.App.1994), *trans. . denied.* The term "contractual interest" as used in the criminal trespass statute has not been defined or construed by statute or case law. If a statute has not previously been construed, its interpretation is controlled by the express language of the statute and by application of the general rules of statutory constructions. *Blackmon v. Duckworth,* 675 N.E.2d 349, 351 (Ind.Ct.App.1996). Preeminent among the rules of statutory construction is that we look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech. *Nield,* 677 N.E.2d at 82.

A contract is an agreement between at least two parties that creates an obligation to do or not to do a particular thing. BLACK'S LAW DICTIONARY 322 (6th ed.1990). An "interest" is defined as:

[T]he most general term that can be employed to denote a right, claim, title, or legal share in something. . . . More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title.

*Id.* at 812. In this context, "contractual interest" refers to Woods' right, arising out of her membership contract, to be present on Bally's property.

■ Woods first joined Bally's in 1990. Her membership contract granted her full access to the facilities on unlimited days and unlimited hours. Woods renewed her membership on January 2, 1997. On January 7, Woods went to Bally's and was told that her membership had expired. Apparently, Woods' payment had not yet appeared on the database available to Bally's receptionist, although the health club's records later indicated that her payment had been posted on January 6.

■ The criminal trespass statute's purpose is to punish those who wilfully or without a bona fide claim of right commit acts of trespass on the land of another. *See Myers v. State,* 190 Ind. 269, 273, 130 N.E. 116, 117 (1921). At trial, Bally's manager, Brian Collier, conceded that Woods was a Bally's member on the day of her arrest. Thus, there was an undisputed factual basis for Woods' belief that she had a contractual right to be on the premises. Her belief and bona fide claim of right defeat the mens rea requirement of the criminal trespass statute and render her conviction erroneous. *See Olsen v. State,* 663 N.E.2d 1194, 1196 (Ind. Ct.App.1996) (belief that one has right to be present on property of another will preclude liability for trespass, so long as belief has fair and reasonable foundation). Bally's inaccurate computer records did not alter Woods' membership status or her contractual right to use the facilities.

The State contends that Bally's had the right to determine whom to invite, the scope of the invitation and the circumstances under which the invitation may be revoked. *See id.* at 1195 (hotel guest did not have contractual interest in hotel lobby open to general public). Thus, the State concludes that Woods was an invitee and that a trespass occurred when Bally's revoked her invitation and asked her to leave. The State's reliance on *Olsen* is misplaced. Bally's was not open to the general public, and Woods was not a mere invitee. Woods had a contractual interest in the property by virtue of her membership contract.

We agree with the trial court that Woods' membership did not entitle her to make unreasonable noise and disrupt Bally's facility in demanding the return of her membership card. Given her membership status, the appropriate charge would have been disorderly conduct,[2] not criminal trespass. The State, however, did not charge Woods with disorderly conduct.

In summary, we conclude that Woods' membership granted her a contractual interest in the property occupied by Bally's. The State must prove every element of the crime charged beyond a reasonable doubt. *Hobson v. State,* 675 N.E.2d 1090, 1094 (Ind.1996); *see In re Winship,* 397 U.S. 358, 361, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 373–74 (1970) (Due Process Clause protects accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged). The State failed to prove a material element of criminal trespass within the meaning of Indiana Code 35–43–2–2(a)(2). There is insufficient evidence as a matter of law to sustain Woods' conviction.

Reversed.

FRIEDLANDER and MATTINGLY, JJ., concur.

**2.** Indiana Code § 35–45–1–3 provides:
A person who recklessly, knowingly, or intentionally:
(1) engages in fighting or in tumultuous conduct;
(2) *makes unreasonable noise and continues to do so after being asked to stop; or*
(3) disrupts a lawful assembly of persons; commits disorderly conduct, a Class B misdemeanor.
(emphasis added).