**Walter LYLES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–1104–CR–291.

Court of Appeals of Indiana.

Oct. 25, 2011.

---

Darren Bedwell, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Walter Lyles appeals his conviction for criminal trespass, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the evidence is sufficient to support his conviction.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On December 3, 2010, Lyles went to a Chase bank branch in Indianapolis and requested a printout of the activity related to an account he had with the bank. Lyles had a positive balance in his account that day, but he was concerned that the balance was inaccurate. A Chase employee informed Lyles that she could provide him with a printed statement for the account, but that there would be a $6.00 charge for that statement. Lyles became upset, insisting that he be provided a "printout" of the account activity free of charge. A Chase employee ultimately asked Lyles to leave the premises because of his disrup-

tive behavior, but Lyles refused to leave. A Chase employee called the police, and an officer with the Indianapolis Metropolitan Police Department arrested Lyles.

The State charged Lyles with criminal trespass. The trial court found him guilty and entered judgment and sentence accordingly. Lyles filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

Lyles contends that the State did not present sufficient evidence to support his conviction. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Wright v. State*, 828 N.E.2d 904, 905–06 (Ind.2005). It is the job of the factfinder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.* at 906.

■■■ To prove criminal trespass, as a Class A misdemeanor, the State was required to show that Lyles knowingly or intentionally refused to leave the property of Chase bank after having been asked to leave by an agent of Chase. *See* Ind.Code § 35–43–2–2. In addition, the State had to prove that Lyles did not have a contractual interest in the property. *See id.* The term " 'contractual interest,' as it is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing." *Taylor v. State*, 836 N.E.2d 1024, 1026

(Ind.Ct.App.2005), *trans. denied.* Lyles' sole contention on appeal is that the State did not prove his lack of contractual interest to be present on Chase's property. Lyles maintains that because he had an account with Chase, with a positive balance on the date of his arrest, he had a contractual interest in the property.

In support of his contention, Lyles directs us to *Woods v. State*, 703 N.E.2d 1115 (Ind.Ct.App.1998). In *Woods*, the defendant was a member of Bally's health club, and her membership contract gave her "full access to the facilities on unlimited days and unlimited hours." *Id.* at 1117. However, on one occasion when the defendant was working out at the gym, a dispute arose about whether the defendant's membership had expired. In fact, her membership had not expired, but Bally's had information to the contrary and asked the defendant to leave the premises. When she refused, Bally's called the police, and she was arrested for, and ultimately convicted of, criminal trespass.

On appeal, we agreed with the defendant that the State had failed to prove the defendant's lack of a contractual interest in the property:

At trial, Bally's manager, Brian Collier, conceded that Woods was a Bally's member on the day of her arrest. Thus, there was an undisputed factual basis for Woods' belief that she had a contractual right to be on the premises. Her belief and bona fide claim of right defeat the mens rea requirement of the criminal trespass statute and render her conviction erroneous. *See Olsen v. State*, 663 N.E.2d 1194, 1196 (Ind.Ct.App.1996) (belief that one has right to be present on property of another will preclude liability for trespass, so long as belief has fair and reasonable foundation). Bally's inaccurate computer records did not al-

ter Woods' membership status or her contractual right to use the facilities.

The State contends that Bally's had the right to determine whom to invite, the scope of the invitation and the circumstances under which the invitation may be revoked. *See id.* at 1195 (hotel guest did not have contractual interest in hotel lobby open to general public). Thus, the State concludes that Woods was an invitee and that a trespass occurred when Bally's revoked her invitation and asked her to leave. The State's reliance on *Olsen* is misplaced. Bally's was not open to the general public, and Woods was not a mere invitee. Woods had a contractual interest in the property by virtue of her membership contract.

We agree with the trial court that Woods' membership did not entitle her to make unreasonable noise and disrupt Bally's facility in demanding the return of her membership card. Given her membership status, the appropriate charge would have been disorderly conduct, not criminal trespass. The State, however, did not charge Woods with disorderly conduct.

*Id.* at 1117–18.

More recently, in *Pogue v. State,* 937 N.E.2d 1253 (Ind.Ct.App.2010), *trans. denied,* where a high school student was convicted of criminal trespass under circumstances analogous to those here, we cited *Woods* in stating:

Generally, we note that schools, as well as businesses such as Goodwill Industries, have a legitimate interest in maintaining a safe environment and preserving order on their premises. However, *once a school or business has entered into an agreement with an individual which grants the individual a contractual interest in its property, the individual may not be found to have committed criminal trespass so long as the individ-ual's contractual interest remains.* *See Woods,* 703 N.E.2d at 1117 (providing that lack of a contractual interest is a material element that the State must prove to convict a person of criminal trespass).

(Emphasis added).

In contrast, the State directs us to *A.E.B. v. State,* 756 N.E.2d 536, 541 (Ind. Ct.App.2001), where another panel of this court held in relevant part that the defendant, a student, had "*abandoned* whatever contractual interest she had in the school property" when she "committ[ed] the crime of disorderly conduct on school property." (Emphasis added). But we disagree that a contractual interest, such as the one Lyles had in the Chase bank premises, can be abandoned merely by disorderly conduct. We find *A.E.B.* inapposite and follow our reasoning and holdings in *Woods* and *Pogue.*

Here, the undisputed evidence shows that on December 3, 2010, Lyles owned an account with Chase with a positive balance. Thus, Lyles had a contractual interest in the Chase premises. There is no evidence that Lyles' contractual interest had been terminated at the time of his arrest. As in *Woods,* while there may have been sufficient evidence to support a conviction for disorderly conduct, the State did not file any such charge. The State has failed to prove an essential element of criminal trespass, namely, that Lyles did not have a contractual interest in the property, and the evidence is insufficient to support Lyles' conviction. *See Woods,* 703 N.E.2d at 1117.

Reversed.

RILEY, J., and MAY, J., concur.