ATTORNEYS FOR APPELLANT
Darren D. Bedwell
Marion County Public Defender

Ruth A. Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

**FILED**

Jun 29 2012, 11:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 49S02-1201-CR-49

WALTER LYLES,                                                      *Appellant,*

v.

STATE OF INDIANA,                                                  *Appellee.*

Appeal from the Marion Superior Court, No. 49F08-1012-CM-90532
The Honorable Deborah J. Shook, Commissioner

On Transfer from the Indiana Court of Appeals, No. 49A02-1104-CR-291

**June 29, 2012**

**Dickson, Chief Justice**

The defendant, Walter Lyles, has appealed his conviction for misdemeanor Criminal Trespass, contending that there was insufficient evidence to support any inference that he lacked a contractual interest in the property upon which he is accused of trespassing. We hold that there was sufficient evidence to support his conviction.

The underlying facts of the case are not in dispute. On December 3, 2010, the defendant visited a bank branch located at 2600 West Michigan Street in Indianapolis, Indiana. The defendant, an account holder of the bank, was seeking to obtain a "print-out" of his account for free from one of the bank's tellers. Tr. at 17. Per its policy, the bank refused to give the defendant a

free "print-out" and instead offered to give the defendant a "statement" for a $6 fee. Tr. at 6. A manager explained the bank's policy to the defendant, but the defendant persisted in his request and became "irate and disrespectful." Tr. at 8. The manager then asked the defendant to leave the bank and called the police when the defendant refused. The police officer who responded to the bank's call arrested the defendant after first asking the defendant to leave multiple times.

The State charged the defendant with Criminal Trespass as a class A misdemeanor under Indiana Code Section 35-43-2-2. The case was tried before a commissioner, who found the defendant guilty of misdemeanor Criminal Trespass. The defendant then initiated this appeal of his conviction, claiming insufficient evidence. The Court of Appeals reversed the trial court, vacating the conviction. Lyles v. State, 956 N.E.2d 180 (Ind. Ct. App. 2011). We granted transfer and now affirm the defendant's conviction for Criminal Trespass.

On appeal, the defendant's only contention is that there was insufficient evidence to convict him of Criminal Trespass as charged because he contends that there was no evidence from which the trier of fact could infer that he lacked a contractual interest in the real property of the bank.

An accused person's right to Due Process of Law obliges the State to prove every element of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979); Adkins v. State, 887 N.E.2d 934, 936–37 (Ind. 2008). When reviewing a claim of insufficient evidence, an appellate court neither reweighs the evidence nor judges the credibility of the witnesses as this is the exclusive province of the jury. Fleck v. State, 508 N.E.2d 539, 540 (Ind. 1987); Deal v. State, 140 Ind. 354, 356–61, 39 N.E. 930, 930–32 (1895) (establishing standard of review for claims of insufficient evidence). We consider only the evidence most favorable to the State together with all reasonable and logical inferences which may be drawn therefrom. Fleck, 508 N.E.2d at 540; Lee v. State, 156 Ind. 541, 545–46, 60 N.E. 299, 301 (1901) (requiring all reasonable inferences to be construed in favor of verdict). "If a reasonable finder of fact *could* determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict." Justice v. State, 530 N.E.2d 295, 296 (Ind. 1988) (emphasis added).

The Criminal Trespass statute criminalizes several categories of conduct relating to one person's interference with another's property. *See generally* Ind. Code § 35-43-2-2. In this case, the State charged the defendant with Criminal Trespass for violating Section 35-43-2-2(a)(2), which makes it a crime for a person who, "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent."[1] Thus, the State must prove that the defendant (1) knowingly or intentionally (2) refused to leave (3) the real property (4) of another person (5) after having been asked to leave (6) by the person or the person's agent (7) when such defendant lacked a contractual interest[2] in the real property.[3] *See id.* § 35-43-2-2(a)(2).

In proving the lack of a contractual interest, the State need not "disprove every conceivable contractual interest" that a defendant might have obtained in the real property at issue. Fleck,

---

[1] The word "property" as used in the term "contractual interest in the property" refers to the *real* property from which the defendant refused to leave, as indicated by the use of the article "the" before the word "property." *See* Ind. Code § 35-43-2-2(a)(2).

[2] The term "contractual interest in the property" is not defined by the Criminal Trespass statute or elsewhere in the Indiana Code. When interpreting a statute, we presume that the legislature intends the common and ordinary meaning of the words it uses. Spaulding v. Int'l Bakers Servs., Inc., 550 N.E.2d 307, 309 (Ind. 1990); Foremost Life Ins. Co. v. Dept. of Ins., 274 Ind. 181, 186, 409 N.E.2d 1092, 1096 (Ind. 1980). The word "interest" is used as a noun in Section 35-43-2-2 and is modified by the adjective "contractual." *See* Ind. Code § 35-43-2-2(a)(2). An "interest" is a "right, title, or legal share in something." Webster's Third New International Dictionary 1178 (1976). Something is "contractual" if it is "of, relating to, or implying a contract," and a contract is "an agreement between two or more persons or parties to do or not to do something." *Id.* at 494–95. Therefore, a "contractual interest in the property" is a right, title, or legal share of real property arising out of a binding agreement between two or more parties.

[3] Although the State disputed the issue at oral argument, the lack of a contractual interest in the real property at issue is a material element of the offense that the State must prove beyond a reasonable doubt as part of its *prima facie* case. *See* Goodpaster v. State, 273 Ind. 170, 175, 402 N.E.2d 1239, 1242 (1980) (holding that the lack of a contractual interest is a material element of criminal trespass under Indiana Code Section 35-43-2-2(a)(5), which reads "not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without the person's consent"); *accord* Fleck, 508 N.E.2d at 540. This conclusion is evident from the fact that, in determining whether a statutory exception is a material element or an affirmative defense, we assess the location of the exception relative to the location of the definition of the principal offense. If the exception is closely connected with the clause creating the offense, the exception is a material element of that offense and must be proven by the State. Russell v. State, 50 Ind. 174, 174 (1875). If, however, the exception is contained in a subsequent clause or statute, the exception is an affirmative defense that must be raised by the defendant. *Id.* Here, the contractual interest exception is part of the clause creating the offense and thus is properly considered a material element of Criminal Trespass under Section 35-43-2-2(a)(2).

508 N.E.2d at 541. Were the State required to negate every conceivable contractual interest, it would face a potentially impossible burden to identify and refute every possible contractual interest a defendant might have in the property. This is more than due process requires. *See* <u>Jackson</u>, 443 U.S. at 316, 99 S.Ct. at 2787, 61 L.Ed.2d at 571 (requiring only that the State prove each material element of the offense "beyond a reasonable doubt"). Thus, as <u>Fleck</u> recognizes, some contractual interests need not be disproven because they do not create any *reasonable* doubt that a defendant lacks a contractual interest in the property. For this reason, the State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred.

At trial, there was evidence that the defendant was neither an owner nor an employee of the bank as well as evidence that the bank manager had authority to ask customers to leave the bank premises. This evidence, taken together, refuted each of the most reasonably apparent sources from which a person in the defendant's circumstances might have derived a contractual interest in the bank's real property: as an owner, as an employee, and as an account holder. Thus, we hold that there was sufficient evidence from which a reasonable jury could infer that the defendant did not have a contractual interest in the bank's real property.

### Conclusion

We hold that there was sufficient evidence to support the defendant's conviction for Criminal Trespass and affirm the trial court.

Sullivan, David, and Massa, JJ., concur. Rucker, J., dissenting with separate opinion.

4

**Rucker, Justice, Dissenting.**

I respectfully dissent. I agree with the majority that "[t]he term 'contractual interest in the property' is not defined by the criminal trespass statute or elsewhere in the Indiana Code." Slip op. at 3 n.2. However, our Court of Appeals has declared that the term "'contractual interest,' as it is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing." Taylor v. State, 836 N.E.2d 1024, 1026 (Ind. Ct. App. 2005) (citing A.E.B. v. State, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001)), trans. denied. This appears to me a perfectly reasonable definition. And indeed it is a point the State not only did not contest in its Brief before the Court of Appeals but also the State conceded: "Defendant unquestionably had a contractual right to be inside the CHASE branch as he was an accountholder." Br. of Appellee at 4. The State switched gears in its Petition to Transfer declaring instead that Taylor, along with a line of cases consistent with Taylor, was wrongly decided. See Pet. to Trans. at 5-8 (citing Pogue v. State, 937 N.E.2d 1253 (Ind. Ct. App. 2010); A.E.B., 756 N.E.2d 536; Woods v. State, 703 N.E.2d 1115 (Ind. Ct. App. 1998); Olsen v. State, 663 N.E.2d 1194 (Ind. Ct. App. 1996)). Now, according to the State, "[h]aving an active account at a bank does not give a person a contractual interest in the real property of the bank for purposes of the criminal trespass statute." Pet. to Trans. at 3. However, having already conceded the point, the State should not now be heard to complain.

In any event, the majority does not overrule existing Court of Appeals precedent in this area of the law. Nor does the majority cite or attempt to distinguish the authority on which the Court of Appeals precedent is based. The evidence here is undisputed that on December 3, 2010, Lyles owned an account with CHASE bank with a positive balance. Based on existing precedent Lyles thus had a contractual interest in the CHASE premises. Further, contrary to the State's initial position, there was no evidence that Lyles' contractual interest had been terminated at the time of his arrest. As the Court of Appeals points out, "while there may have been sufficient evidence to support a conviction for disorderly conduct, the State did not file any such charge. The State has failed to prove an essential element of criminal trespass, namely that Lyles did not have a contractual interest in the property, and the evidence is insufficient to support Lyles' convic-

tion."  Lyles v. State, 956 N.E.2d 180, 182 (Ind. Ct. App. 2011).  I agree and would therefore reverse the judgment of the trial court.