RUCKER, Justice,
Dissenting.
I respectfully dissent. I agree with the majority that “[t]he term ‘contractual interest in the property is not defined by the criminal trespass statute or elsewhere in the Indiana Code.” Op. at 143 n. 2. However, our Court of Appeals has declared that the term “ ‘contractual interest,’ as it is used in the criminal trespass statute, refers to the right to be present on another’s property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing.” Taylor v. State, 836 N.E.2d 1024, 1026 (Ind.Ct.App.2005) (citing A.E.B. v. State, 756 N.E.2d 536, 540 (Ind.Ct.App.2001)), trans. denied. This appears to me a perfectly reasonable definition. And indeed it is a point the State not only did not contest in its Brief before the Court of Appeals but also the State conceded: “Defendant unquestionably had a contractual right to be inside the CHASE branch as he was an accountholder.” Br. of Appellee at 4. The State switched gears in its Petition to Transfer declaring instead that Taylor, along with a line of cases consistent with Taylor, was wrongly decided. See Pet. to Trans, at 5-8 (citing Pogue v. State, 937 N.E.2d 1253 (Ind.Ct.App.2010); A.E.B., 756 N.E.2d 536; Woods v. State, 703 N.E.2d 1115 (Ind.Ct.App.1998); Olsen v. State, 663 N.E.2d 1194 (Ind.Ct.App.1996)). Now, according to the State, “[hjaving an active account at a bank does not give a person a contractual interest in the real property of the bank for purposes of the criminal trespass statute.” Pet. to Trans, at 3. However, having already conceded the point, the State should not now be heard to complain.
In any event, the majority does not overrule existing Court of Appeals precedent in this area of the law. Nor does the majority cite or attempt to distinguish the authority on which the Court of Appeals precedent is based. The evidence here is undisputed that on December 3, 2010, Lyles owned an account with CHASE bank with a positive balance. Based on existing precedent Lyles thus had a contractual interest in the CHASE premises. Further, contrary to the State’s initial position, there was no evidence that Lyles’ contractual interest had been terminated at the time of his arrest. As the Court of Appeals points out, “while there may have been sufficient evidence to support a conviction for disorderly conduct, the State did not file any such charge. The State has failed to prove an essential element of criminal trespass, namely that Lyles did not have a contractual interest in the property, and the evidence is insufficient to support Lyles’ conviction.” Lyles v. State, 956 N.E.2d 180, 182 (Ind.Ct.App.2011). I agree and would therefore reverse the judgment of the trial court.