## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2017, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Ayeh,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 6, 2017

Court of Appeals Cause No.
49A05-1706-CR-1312

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge

Trial Court Cause No. 49G10-1611-CM-43018

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Michael Ayeh (Ayeh), appeals his conviction for criminal trespass, a Class A misdemeanor, Ind. Code § 35-43-2-2(b)(2).

[2] We affirm.

# ISSUE

[3] Ayeh presents a single issue on appeal, which we restate as: Whether the State presented evidence to prove beyond a reasonable doubt his criminal trespass conviction.

# FACTS AND PROCEDURAL HISTORY

[4] In 2016, Ayeh and Vida Odai (Odai) had been divorced for about five years. From the marriage, the parties had three children—aged seventeen, thirteen, and eleven respectively. All three children lived at Odai's house, and Odai's name was on the house's mortgage. Ayeh resided in a shelter. On October 13, 2016, the parties' thirteen-year-old daughter got injured and was taken to the emergency room. Ayeh was notified of his child's injury so he also went to the hospital. At the hospital, the parties' injured daughter stated, "Mommy, I know that Daddy is not supposed to stay with us, but I need Daddy right now." (Tr. p. 7). Odai agreed, stating, "[Y]our Dad will stay [here] for two (2) weeks for you to get better, and after that he has to move; and I don't want you to be stressed about that." (Tr. p. 8). According to Odai, Ayeh's two-week invitation at her house expired on the morning of November 1, 2016. That morning, Ayeh informed Odai that he wanted to go the shelter to pick up his mail. On

the drive to the shelter, Odai told Ayeh that he was not allowed to return to her residence that day. After dropping Ayeh off at the shelter, Ayeh called Odai on her way home. Odai again told Ayeh that he was not allowed to go back to her house, and she expressed to Ayeh that she would mail him his backpack that he had left behind. Later that day, Ayeh showed up at Odai's house and Odai told Ayeh that he needed to leave, but Ayeh refused. Ultimately, Odai called the police. When Officer Thomas Bergmann (Officer Bergmann) of the Indianapolis Metropolitan Police Department arrived, he also told Ayeh several times that he needed to leave Odai's residence. Ayeh refused, became irate, and Officer Bergman arrested Ayeh.

[5] On December 16, 2016, the State filed an Information, charging Ayeh with two Counts of criminal trespass, Class A misdemeanors. On June 6, 2017, a bench trial was conducted. At the close of the evidence, the trial court found Ayeh guilty as charged. The same day, the trial court sentenced Ayeh to 365 days in Marion County Jail. Due to double jeopardy concerns, the trial court vacated Ayeh's second Count of criminal trespass.

[6] Ayeh now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[7] Ayeh contends that the State failed to present sufficient evidence to support his conviction of criminal trespass. Our standard of review on a claim of insufficient evidence is well settled: For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the

judgement. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[8] The offense of criminal trespass is governed by Indiana Code section 35-43-2-2, which provides, in relevant part, that "(a) A person who: . . . (2) not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent . . . commits criminal trespass, a Class A misdemeanor." Lack of a contractual interest in the property is a material element that the State must prove to convict a person of criminal trespass. *Woods v. State*, 703 N.E.2d 1115, 1117 (Ind. Ct. App. 1998). Thus, to convict Ayeh of Class A misdemeanor criminal trespass, the State needed to prove that Ayeh: (1) did not have a contractual interest in Odai's property and (2) knowingly or intentionally refused to leave Odai's property (3) after having been asked to leave by Odai.

[9] While Ayeh agrees that Odai had allowed him to stay at her house until November 1, 2016, he argues that because "there was not a stated time" as to when he was required to leave Odai's house, he believed "he could stay there the entire day." (Appellant's Br. p. 9). Accordingly, Ayeh maintains that he had a "reasonable belief that he had a contractual interest in being on [Odai's] property on November 1." (Appellant's Br. p. 10).

[10] The term "'contractual interest,' as it is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing." *Taylor v. State*, 836 N.E.2d 1024, 1026 (Ind. Ct. App. 2005), *trans. denied*. "The State is not required to disprove every conceivable contractual interest the defendant might have had in the property." *Id*.

[11] Here, the record shows that there was probative evidence from which the fact-finder could have concluded that Ayeh did not have a contractual interest in the property of Odai. The record demonstrates that pursuant to the terms of Odai's and Ayeh's agreement, Ayeh's contractual interest was limited to two weeks. Specifically, the record shows that Odai's invitation expired on the morning of November 1, 2016, when Odai expressed to Ayeh that he was not allowed to return to her residence. Without Odai's consent, Ayeh returned to Odai's residence. Ayeh refused to leave when he was asked to leave multiple times by Odai. Eventually, Odai called the police. Acting as Odai's agent, Officer Bergmann also instructed Ayeh to leave Odai's residence numerous times, but Ayeh refused. Here, the State presented sufficient evidence to prove that Ayeh's limited contractual interest in Odai's premises had been terminated prior to his arrest, and based upon this evidence, the fact-finder could reasonably conclude beyond a reasonable doubt that Ayeh committed the offense of criminal trespass.

# CONCLUSION

For the reasons stated, we conclude that the evidence was sufficient to sustain Ayeh's Class A misdemeanor criminal trespass conviction.

Affirmed.

Baker, J. and Brown, J. concur