J.C. PENNEY COMPANY, INC., Montgomery Elevator Co., and Early Elevator Corp. Appellants-Defendants,

v.

Ruth E. WESOLEK and Paul J. Wesolek, Appellees-Plaintiffs.

No. 3–683A191.

Court of Appeals of Indiana, Third District.

June 28, 1984.
Transfer Denied Sept. 11, 1984.

Edward N. Kalamaros, Thomas Cohen, Edward N. Kalamaros & Associates, P.C., South Bend, for appellant-defendant J.C. Penney Co., Inc.

R. Kent Rowe, South Bend, for appellant-defendant Montgomery Elevator Co.

E. Spencer Walton, Jr., Robert J. Palmer, May, Oberfell, Helling, Lorber & Campiti, South Bend, for appellant-defendant Early Elevator Corp.

Gerald A. Kamm, Daniel A. Manion, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for appellees-plaintiffs.

STATON, Presiding Judge.

### ON PETITION FOR REHEARING

Although we have denied without opinion the petition for rehearing submitted by J.C. Penney, we have granted the petitions for rehearing submitted by Early Elevator Company and Montgomery Elevator Company to clarify which of the two parties will be involved in the new trial with Wesolek and Penney. Because of our determination, we will address each party separately.

 As we stated in our original opinion, 461 N.E.2d 1149, Early Elevator Company (Early) successfully moved for judgment on the evidence. As Early contends, Ind. Rules of Procedure, Appellate Rule 15(N) requires that a new trial be limited to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. Because Early was granted a judgment on the evidence the erroneous jury instructions were of no moment. In addition, Wesolek did not raise as error the judgment on the evidence. Therefore, Early shall not be a party in the new trial. The trial court's grant of Early's motion for a judgment on the evidence is final.

Montgomery Elevator Company (Montgomery) shall not be a party to the new trial because the record reveals that Wesolek sued Montgomery only on the theory of strict tort liability. Therefore, the erroneous instructions were of no moment. Our original opinion stands.

GARRARD and HOFFMAN, JJ., concur.