**Barry J. FLECK, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 49S04–8706–CR–542.**

Supreme Court of Indiana.

June 3, 1987.

Carolyn W. Rader, Franklin N. DeWester, DeWester, Hall & Walker, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from the Fourth District Court of Appeals brought by Appellee State of Indiana.

Defendant-Appellant Barry Fleck appealed his jury convictions of theft and criminal trespass, raising solely sufficiency of the evidence to support his convictions. The Court of Appeals affirmed the theft conviction. No question is raised regarding that conviction in this petition and we therefore do not consider it.

The Petition to Transfer challenges the finding by the Court of Appeals that there was insufficient evidence to support the conviction for criminal trespass. We agree with Petitioner State of Indiana that the evidence was sufficient to support Fleck's conviction for criminal trespass. We therefore vacate the Court of Appeals opinion regarding the criminal trespass conviction and affirm the trial court.

The evidence showed Security Guard Debbie Shinkle observed Fleck remove a car radio from a "blister pack," conceal the radio in his trousers at the belt line, and attempt to leave the store with it. Fleck was apprehended by Shinkle and another Target employee in the parking lot of the store. The evidence further showed Fleck had committed, or attempted to commit, theft in this particular Target store on previous occasions. On May 15, 1985, Joseph Milton, head of this store's security department talked to Fleck in the security office. Milton testified he ordered Fleck not to return to the store and not to come onto the premises, and that if Fleck did return, he would be prosecuted for shoplifting. Milton testified Fleck indicated he understood what he was told.

Count II of the Information filed against Fleck charged that he committed criminal trespass to real property in that he knowingly entered the real property of the Dayton-Hudson Corporation, d/b/a Target, after being denied entry by means of an oral personal communication given by Joseph Milton, the said Barry Fleck not having a contractual interest in the property. The only issue raised by Fleck is that there was insufficient evidence to show he lacked a contractual interest in the property, a material element of the offense.

In reviewing questions of sufficiency, we neither weigh the evidence nor judge the credibility of witnesses but look only to the evidence most favorable to the State and all reasonable inferences drawn therefrom. If there is sufficient evidence of probative value to support the verdict, it will not be disturbed. *Wright v. State* (1985), Ind., 474 N.E.2d 89, 92, *reh. denied.* The witnesses testified Fleck came onto the property on June 28, 1985, and attempted to leave the premises with a radio belonging to the Target Store. Further, on May 15, 1985, security guard Milton advised Fleck not to return to the store at any time in the future. Fleck indicated he understood. There was further testimony that Fleck was not an employee of this Target store.

Lack of a contractual interest in the property is a material element the State must prove to convict a person of criminal trespass. *Goodpaster v. State* (1980), 273 Ind. 170, 175, 402 N.E.2d 1239, 1242; Ind. Code Ann. § 35–43–2–2(a)(5) (Burns 1985). In *Goodpaster*, Defendant tendered a pro-

posed instruction on criminal trespass, which was properly refused by the trial court. We held it was clear the State intended only to charge burglary as the Information made no mention of criminal trespass nor any contractual interest Defendant might have in the property. In the instant case, the Information alleged Fleck committed criminal trespass in that he was previously ordered not to enter onto the property and, further, that he did not have a contractual interest in the property when he reentered the Target store on the day he committed the theft.

To sustain its burden, it was not necessary for the State to disprove every conceivable contractual interest Fleck might have had in the property. There were sufficient facts from which the jury could find a lack of such contractual interests. The jury was justified in inferring that Fleck came on the property with no other purpose but to steal property of Target. Further, Fleck acknowledged he understood he was not to come onto the property again after having been ordered not to do so by Milton, the security guard. The State proved Fleck was not an employee of Target, which showed the lack of a contractual interest that might have given him the right to be there. These facts were sufficient to support the jury's finding that Fleck had been ordered not to come on the real estate, but that he had done so in spite of the order and without a contractual interest in the property justifying his presence.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents without opinion.