STATE OF CONNECTICUT *v.* JOHN P. STEINMANN
(7665)

SPALLONE, NORCOTT and LAVERY, Js.

Argued November 16, 1989—decision released January 30, 1990

*Timothy C. Moynahan,* with whom, on the brief, was *Theresa M. Dalton,* for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, and *Andrew M. Wittstein,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his convictions, after a trial to the court, of simple trespass in viola-

tion of General Statutes § 53a-110a. He claims the trial court erred (1) in finding that there was sufficient evidence for conviction, (2) in failing to find the simple trespass statute to be unconstitutional, and (3) in failing to find that the state's decision not to prosecute for criminal trespass deprived the defendant of his equal protection rights.

The court could reasonably have found the following facts. A conflict arose in the spring of 1987 between the defendant, John Steinmann, and the First Congregational Church in the town of Washington. Because the defendant allegedly was bothering women parishoners and using the church for personal meetings, the church pastor, the Reverend Richard Sears, sent a letter to the defendant in April, 1987, asking that he stop attending church services. In November, 1987, Sears again told the defendant that he was not welcome on church property. Sears conveyed this decision, approved by the church board of deacons, to the defendant in the presence of three church officials and Trooper Robert Tomlinson of the state police. The defendant informed Sears that he understood the proscription. Tomlinson was satisfied that the defendant understood the church's order barring him from entry.

On Saturday, December 12, 1987, the defendant called Tomlinson and, after a lengthy conversation, asserted that he planned to attend church services and, despite Tomlinson's admonitions, attended the morning service the next day. He was issued a misdemeanor summons for criminal trespass as he left the service. On Saturday, March 12, 1988, the defendant visited Tomlinson's office to say that he was unhappy with the church's decision and that he would continue to attend church services. Again, Tomlinson informed the defendant that he was not welcome on church property. The defendant nevertheless entered the church property and attended services on March 13, 1988. Upon issue

of a second misdemeanor summons for criminal trespass later that day, the defendant remarked, "I thought I got away with it this time." The final incident occurred on March 20, 1988, when the defendant attended Sunday services. At this time, he was taken into custody, issued another summons for criminal trespass and released on his promise to appear.

The defendant was originally charged with three counts of criminal trespass in the first degree. The state subsequently filed substitute informations charging the defendant with three counts of simple trespass in violation of General Statutes § 53a-110a.[1] After a trial to the court, the defendant was found guilty and fined on each count. This appeal followed.

The defendant first contests the court's denial of his pretrial motion to dismiss pursuant to Practice Book § 815 (5),[2] and his motions for judgment of acquittal made at the close of the state's case and at the close of all the evidence. He claims that the evidence was insufficient to prove beyond a reasonable doubt that he had the requisite knowledge that he was not licensed or privileged to enter church property or to be present at public worship services. This claim is without merit.

The appropriate standard of review with respect to a sufficiency claim "is whether the [court] could have

[1] General Statutes § 53a-110a provides: "(a) A person is guilty of simple trespass when knowing that he is not licensed or privileged to do so, he enters any premises without intent to harm any property. (b) Simple trespass shall be an infraction."

[2] Practice Book § 815 provides in part:

"The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information:

* * *

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial . . . ."

reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Bember,* 183 Conn. 394, 397, 439 A.2d 387 (1981). The evidence produced at trial must be given a construction most favorable to sustaining the verdict. *State* v. *Ruth,* 16 Conn. App. 148, 154–55, 547 A.2d 548 (1988), cert. denied, 209 Conn. 827, 552 A.2d 434 (1989).

Here, there was ample evidence before the court that the defendant entered church property, on the three occasions charged, as a knowing trespasser. The record reveals that the defendant had been unequivocally informed and understood that his privilege to attend church services had been revoked. We cannot say that a rational trier of fact could not have found evidence for each essential element of the crime of simple trespass, and the verdict must stand. See *State* v. *Kelly,* 208 Conn. 365, 386, 545 A.2d 1048 (1988).

The defendant also argues that *State* v. *Mention,* 12 Conn. App. 258, 530 A.2d 645, cert. denied, 205 Conn. 809, 532 A.2d 78 (1987), the only case construing § 53a-110a, stands for the proposition that the statute does not apply to premises open to the public. In reversing the conviction for simple trespass of a disruptive shopping mall patron, the court in *Mention* found that "§ 53a-110a does not provide for revocation of the status of business invitee." Id., 261. The defendant analogizes himself as a "public invitee" to a public religious service.

The defendant misreads *Mention.* The court in that case held that a business invitee cannot be charged with simple trespass in areas open to the public without evidence that he entered with knowledge that he was not privileged to do so. "The language of General Statutes

§ 53a-110a does not create a strict liability crime. The statute requires knowledge on the part of the accused that he is entering without license or privilege." Id., 260. Unlike the record in *Mention,* the record here is replete with evidence that this defendant knew that he was trespassing upon church property and was unwelcome at services.

Moreover, the critical issue in *Mention* was the defendant's state of mind, rather than the nature of the premises. Id. Property does not lose its private character merely because the public is generally invited to use it for designated purposes. *Lloyd Corporation* v. *Tanner,* 407 U.S. 551, 569, 92 S. Ct. 2219, 33 L. Ed. 2d 131 (1972); *Cologne* v. *Westfarms Associates,* 192 Conn. 48, 66, 469 A.2d 1201 (1984). The owner or one in lawful possession has the right to determine whom to invite, the scope of the invitation and the circumstances under which the invitation may be revoked. *Lloyd Corporation* v. *Tanner,* supra, 567.

The defendant next argues that the court erred in denying his motion to dismiss pursuant to Practice Book § 815 (8),[3] claiming that § 53a-110a is unconstitutionally vague and overbroad. By failing to raise such a defense by a timely motion, a defendant waives the claim unless relief is granted for good cause shown. Practice Book §§ 808, 810; *State* v. *Vincent,* 194 Conn. 198, 201–202, 479 A.2d 237 (1984). Practice Book § 811 specifies that the motion must be filed "not later than ten days after the entry of a plea." The defendant filed

---

[3] Practice Book § 815 provides in part:

"The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information:

* * *

"(8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid . . . ."

his motion on the day of trial, twenty-eight days after he entered his plea of not guilty to the charges. Upon objection by the state, the court denied the defendant's motion as being untimely filed.

The defendant offered no explanation for the lateness of his motion at trial and he offers none on appeal. Indeed, the defendant makes no mention of the procedural default and briefs the issue as if the trial court considered the merits of the motion, which it did not. Despite the procedural defects, however, we review this claim of unconstitutional infirmity because it implicates fundamental due process rights. See *State* v. *Marra,* 195 Conn. 421, 428, 489 A.2d 350 (1985).

The defendant bears the heavy burden of demonstrating that the statute is unconstitutional beyond a reasonable doubt. *State* v. *Hernandez,* 204 Conn. 377, 385, 528 A.2d 794 (1987). In reviewing such claim, this court approaches the question with great caution, examining it with infinite care and makes every presumption in favor of validity. *State* v. *Rado,* 14 Conn. App. 322, 326, 541 A.2d 124 (1987), cert. denied, 208 Conn. 813, 546 A.2d 282, cert. denied, 488 U.S. 927, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988).

To survive a constitutional attack of vagueness, a penal statute must give fair warning that the conduct is proscribed and establish reasonable guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement. *State* v. *Eason,* 192 Conn. 37, 45, 470 A.2d 688 (1984). Moreover, the court must consider how the statute was applied to the particular facts at issue. *State* v. *Proto,* 203 Conn. 682, 696, 526 A.2d 1297 (1987).

General Statutes § 53a-110a provides fair notice to the defendant of the prohibited conduct. The terms "knowing," "license" and "privilege" are not ambiguous and are clearly defined in law. See *State* v. *Grant,*

6 Conn. App. 24, 29, 502 A.2d 945 (1986). The facts of this case clearly indicate that the defendant's conduct was violative of the statute's proscriptions. Accordingly, the defendant has failed to meet his burden of showing the statute to be unconstitutionally vague.

The defendant also argues that General Statutes § 53a-110a is overbroad in that it infringes upon a constitutionally protected right to "freedom of movement" or "freedom of worship." Admittedly, an otherwise clear and precise statute may be overbroad if it prohibits constitutionally protected conduct or creates a chilling effect on the lawful exercise of first amendment liberties. *Grayned* v. *Rockford,* 408 U.S. 104, 114, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972); *State* v. *Proto,* supra, 697. There is, however, no constitutional right to "freedom of movement" or "freedom to worship" on private property where there is no license or privilege to be there. See *Cologne* v. *Westfarms Associates,* supra.

The defendant's final claim is that his prosecution for simple trespass violated his right to equal protection of the law. The defendant argues that the various trespass statutes create two different classes of trespasser, criminal trespassers and simple trespassers, but only the latter group is denied affirmative defenses and the right to a jury trial. Compare General Statutes §§ 53a-107 through 53a-110,[4] (criminal trespass and

---

[4] General Statutes § 53a-107 provides: "(a) A person is guilty of criminal trespass in the first degree when: (1) Knowing that he is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized person; or (2) such person enters or remains in a building or any other premises in violation of a restraining order issued by the superior court. (b) Criminal trespass in the first degree is a class A misdemeanor."

General Statutes § 53a-108 provides: "(a) A person is guilty of criminal trespass in the second degree when, knowing that he is not licensed or priv-

affirmative defenses) with General Statutes § 53a-110a (simple trespass). We do not agree that separate classes of trespassers are statutorily created.

In enacting §§ 53a-107 through 53a-110a, the legislature has defined four degrees of trespass with distinguishably different essential elements. For example, simple trespass is not a lesser included offense of any of the three degrees of criminal trespass. *State* v. *Mention,* supra. The statutes therefore define separate violations rather than separate classes of trespasser. See, e.g., *State* v. *Whistnant,* 179 Conn. 576, 580, 427 A.2d 414 (1980); *State* v. *Kristy,* 11 Conn. App. 473, 482–83, 528 A.2d 390, cert. denied, 206 Conn. 801, 535 A.2d 1315 (1987).

Even if we were to accept, arguendo, that different classes of trespassers are defined by the various trespass statutes, reasonable classifications do not violate the right to equal protection under the law. *State* v. *Grullon,* 212 Conn. 195, 214, 562 A.2d 481 (1989).

ileged to do so, he enters or remains in a building. (b) Criminal trespass in the second degree is a class B misdemeanor."

General Statutes § 53a-109 provides: "(a) A person is guilty of criminal trespass in the third degree when (1) knowing that he is not licensed or privileged to do so, he enters or remains in premises which are posted in a manner prescribed by law or reasonably likely to come to the attention of intruders, or fenced or otherwise enclosed in a manner designed to exclude intruders, or which belong to the state and are appurtenant to any state institution; or (2) knowing that he is not licensed or privileged to do so, he enters or remains in any premises for the purpose of hunting, trapping or fishing. (b) Criminal trespass in the third degree is a class C misdemeanor."

General Statutes § 53a-110 provides: "It shall be an affirmative defense to prosecution for criminal trespass that: (1) The building involved in the offense was abandoned; or (2) the premises, at the time of the entry or remaining, were open to the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises; or (3) the actor reasonably believed that the owner of the premises, or a person empowered to license access thereto, would have licensed him to enter or remain, or that he was licensed to do so."

" ' "[W]here there is some natural and substantial difference germane to the subject and purposes of the legislation, there is no illegal discrimination between those within an established class and others not so included." ' " Id.

The legislature has seen fit to distinguish by degree of seriousness the unauthorized entry into various areas. Trespass violations range from the misdemeanors of criminal trespass to the infraction of simple trespass. The consequences flowing from a conviction of criminal trespass are greater than those flowing from a conviction of simple trespass. The legislature could reasonably decide, as a matter of policy, that the greater culpability of criminal trespass be afforded the affirmative defenses of § 53a-110 while the less culpable act of simple trespass, an infraction subject to only a fine, receive no such benefit. Such a reasonable policy defeats the defendant's claims of an unreasonable classification of trespassers.

The defendant has no constitutional right to choose which statute shall be the basis of his prosecution. *State* v. *Vaughn,* 20 Conn. App. 386, 392, 567 A.2d 392 (1989). The choice is within the state's discretionary power, limited by what may reasonably be expected to be proved at trial. Id. The defendant here complains that he was not charged with criminal trespass but has failed to show that the prosecutor abused his discretion in choosing to proceed under a statute that imposed a lesser punishment.

The defendant's conviction of simple trespass is clearly supported by the evidence. Further, General Statutes § 53a-110a is not unconstitutionally vague or overbroad as it applies to this case, application of the statute to the defendant does not violate his right to

equal protection of the law, and the state did not abuse its discretion in prosecuting the defendant for simple trespass.

There is no error.

In this opinion the other judges concurred.