**Larry D. OLSEN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A05–9511–CR–451.**

Court of Appeals of Indiana.

April 17, 1996.

Douglas E. Ulmer, Daniel L. Lauer, Blume Connelly Jordan Stucky & Ulmer, Fort Wayne, for Appellant.

Pamela Carter, Attorney General of Indiana, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Larry D. Olsen appeals his conviction for criminal trespass, a class A misdemeanor. He raises two issues which we consolidate into the sole issue of whether the evidence was sufficient to support his conviction. We affirm.

The facts most favorable to the judgment follow. In November of 1994, Olsen rented a room at the Days Inn in Fort Wayne. On November 25, 1994, around 7:30 p.m., a hotel clerk advised Olsen that he owed money for his phone bill. Olsen became angry and confronted the clerk.

Around 3:30 the next morning, Olsen returned to the lobby and began to accost the hotel clerk, yell complaints, bang on doors, and harass guests. The hotel staff asked Olsen to leave the lobby over twenty times, but Olsen responded by running around the lobby and threatening to sue the hotel. The hotel staff then called the police. After arriving, the police asked Olsen to leave the lobby, but Olsen refused. The police then arrested Olsen for criminal trespass.

A bench trial was held on August 4, 1995, after which Olsen was found guilty of criminal trespass, a class A misdemeanor. He was fined $100 and sentenced to one year suspended on the condition that he not enter the hotel property.

The sole issue raised for our review is whether the evidence was sufficient to support Olsen's conviction for criminal trespass. In reviewing questions of sufficiency, we neither reweigh the evidence nor judge the credibility of the witnesses. *Fleck v. State*, 508 N.E.2d 539, 540 (Ind.1987). Instead, we look only to the evidence most favorable to the judgment and all the reasonable inferences drawn therefrom. *Id.* If there is sufficient evidence of probative value to support the verdict, it will not be disturbed. *Id.*

The statute for criminal trespass reads in relevant part as follows:

"(a) A person who:

\*      \*      \*      \*      \*      \*

(2) Not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent;

\*      \*      \*      \*      \*      \*

commits Criminal Trespass, a Class A Misdemeanor."

Ind.Code § 35–43–2–2(a). Olsen contends there was insufficient evidence to prove that he did not have a contractual interest in the property and that he had the required criminal intent. Specifically, he maintains that he had a contractual interest in the lobby because he rented a room in the hotel. He also claims he had a good faith belief that he had a right to be in the lobby as a result of this contractual interest. However, Olsen's argument is essentially a request for us to reweigh the evidence. We cannot do so. *See Fleck*, 508 N.E.2d at 540. Instead, we will consider only the evidence most favorable to the judgment to determine whether there was sufficient evidence of probative value presented to support the conclusion that Olsen did not have a contractual interest in the property and that he had the requisite criminal intent. *See id.*

■ The State presented two witnesses during its case-in-chief. First, Douglas Webster, the chief of security for the hotel, testified that the hotel lobby was open to the public. He also testified that the owner of the hotel franchise conferred upon him the authority to expel people from the hotel property when they caused disturbances, even from rooms for which they paid. Webster further stated that he and the third shift clerk asked Olsen to leave the lobby over twenty times. Webster testified that he informed Olsen that Olsen would be arrested for trespassing if he did not leave the lobby.

The second State's witness, Officer Scott Morales, testified that he was summoned to the hotel to assist with Olsen, who refused to leave the lobby. He stated that Olsen appeared to be intoxicated and was belligerent. He also testified that he asked Olsen to leave the lobby, but Olsen refused. He stated that he then arrested Olsen for trespass. Moreover, Olsen testified during the defense's case-in-chief that he had been asked to leave the premises but that he had refused.

■ When considered together, we find that there was probative evidence from which the court could have concluded that Olsen did not have a contractual interest in the lobby and that he had the requisite criminal intent. The record reveals that the hotel was private property but had a lobby which was open to the public. The hotel invites the general public to enter the lobby for purposes of renting a room and for related business. As a result, Olsen was an invitee on the premises.[1] *See Burrell v. Meads,* 569 N.E.2d 637, 642 (Ind.1991), *reh'g denied; Houin v. Burger,* 590 N.E.2d 593, 596 (Ind.Ct.App.1992); *J.C. Penney Co. v. Wesolek,* 461 N.E.2d 1149, 1153 (Ind.Ct.App.1984), *reh'g granted,* 465 N.E.2d 763. An owner has the right to determine whom to invite, the scope of the invitation, and the circumstances under which the invitation may be revoked. *See generally State v. Steinmann,* 20 Conn.App. 599, 569 A.2d 557, 560 (1990), *certification denied,* 214 Conn. 806, 573 A.2d 319. Thus, when Olsen disrupted business operations of

the hotel and when he became a threat to other patrons, the hotel had a right to ask him to leave. *See generally id.* Accordingly, there was sufficient probative evidence from which the trial court could conclude that Olsen did not have a contractual interest in the lobby, but rather that he was an invitee whose invitation had been revoked.

As for the intent element, the State only had to prove that Olsen "knowingly or intentionally refuse[d] to leave the real property of another person after having been asked to leave by the other person or that person's agent." I.C. § 35–43–2–2. Three witnesses, including Olsen himself, testified that Olsen was asked to leave the lobby but that he had refused to do so. Therefore, the evidence in the record is sufficient to support the finding that Olsen possessed the requisite intent for criminal trespass because he knowingly or intentionally refused to leave after being asked to do so.

■ Moreover, we find no basis for Olsen's argument that he did not commit criminal trespass due to his "bona fide belief" that he had a right to be in the lobby. Appellant's brief, p. 9. The belief that one has a right to be on the property of another "must have a fair and reasonable foundation." *Myers v. State,* 190 Ind. 269, 130 N.E. 116, 117 (1921). The record indicates that Olsen was asked to leave over twenty times by the hotel clerk, the uniformed security guard, and the uniformed police officer before he was arrested. Therefore, Olsen was aware that the hotel had revoked its permission for him to be in the lobby. Furthermore, Olsen yelled, banged on doors, ran around the lobby, harassed other patrons, and was abusive. Hence, there is no "fair and reasonable" basis for his belief that he had a right to remain in the lobby after he caused such a disturbance simply because he had rented a room in the hotel. *See id.* Therefore, there were sufficient facts presented from which the trial court could find that Olsen possessed the requisite criminal intent.

---

1. Because Olsen was an invitee of the lobby, the fact that he had rented a room had no effect on his right to be in the lobby.

Accordingly, we find sufficient evidence to support Olsen's conviction for criminal trespass and affirm the judgment.

AFFIRMED.

RUCKER and CHEZEM, JJ., concur.