**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 23 2014, 9:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ALAN L. WHITTED**
**ALEX R. WHITTED**
Whitted Law, LLC
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TONY R. SHIPLEY, II,                    )
                                        )
   Appellant-Defendant,            )
                                        )
      vs.                    )     No. 03A05-1402-CR-79
                                        )
STATE OF INDIANA,                       )
                                        )
   Appellee-Plaintiff.             )

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause No. 03D02-1301-CM-753

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Tony R. Shipley, II, appeals the sufficiency of the evidence supporting his conviction of Class A misdemeanor criminal trespass.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

Around August 2012, Shipley began staying with his girlfriend, Elaine Cooper, in her apartment, which was rent subsidized. Shipley was not named on the apartment's lease. He kept his clothes and a flat screen television at Cooper's apartment. Cooper told Shipley he could stay with her as long as they were in a relationship, and Shipley gave her money each month to help with expenses. Sometime before December 2012, the housing agency told Cooper that Shipley could not live in her apartment because he had not completed an application for housing assistance.

On December 14, 2012, Shipley and Cooper argued for several hours, and Cooper told Shipley she wanted to break up with him and he needed to "go, move out." (Tr. at 8.) Shipley refused to leave, and took Cooper's phone. Cooper went to a neighbor's house and called police. When police arrived, they discovered Shipley had locked Cooper out of her apartment. He did not let the officers in until they threatened to call the housing manager. Shipley refused to leave the apartment and was arrested.

The State charged Shipley with Class A misdemeanor criminal trespass and Class A misdemeanor interference with the reporting of a crime.[3] After a bench trial, Shipley was

---

[1] Ind. Code § 35-43-2-2(a)(2).
[2] Shipley's Appendix does not comply with Ind. Appellate Rule 50(C), which requires the table of contents "specifically identify each item contained in the Appendix, including the item's date." The lack of detail in Shipley's table of contents hindered our review of his appeal.
[3] Ind. Code § 35-45-2-5(1) . Shipley does not appeal the latter conviction.

2

found guilty as charged.

## DISCUSSION AND DECISION

When reviewing the sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

Class A misdemeanor criminal trespass occurs when a person "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person[.]" Ind. Code § 35-43-2-2(a)(2) (2012). Shipley argues the State did not prove he had no contractual interest in Cooper's apartment. We disagree.

"Contractual interest," as used in the criminal trespass statute, refers to "the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing." *Semenick v. State*, 977 N.E.2d 7, 10 (Ind. Ct. App. 2012), *trans. denied*. "[T]he State need not 'disprove every conceivable

3

contractual interest' that a defendant might have obtained in the real property at issue." *Lyles v. State*, 970 N.E.2d 140, 143 (Ind. 2012) (quoting *Fleck v. State*, 508 N.E.2d 539, 541 (Ind. 1987)). "[T]he State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred." *Id.*

No agreement between Shipley and the housing agency gave Shipley a contractual interest in Cooper's residence. Cooper received government assistance for her housing costs, and the agency told her multiple times that Shipley could not live there unless he filled out documentation for housing assistance. He did not do so. Cooper had agreed to let Shipley stay in her apartment "[w]hile we were together, yes, not while we break up and he doesn't want to leave and it's my house." (Tr. at 11.) Shipley gave her "a hundred [dollars] at least" each month, but "[i]t was just to help out, I mean, I used the money for anything I wanted. It didn't have to be bills." (*Id.*) On the night of the crime, Cooper testified she broke up with Shipley and told him to leave. The State presented evidence that any agreement between Cooper and Shipley was contingent on their relationship, which was terminated prior to Cooper's request that Shipley leave, and that the housing authority did not permit Shipley to live in Cooper's apartment. That was sufficient evidence to prove Shipley did not have a contractual interest in the property.

As that is the only element Shipley alleges the State did not prove, we affirm his conviction of Class A misdemeanor criminal trespass.

Affirmed.

4

VAIDIK, C.J., and FRIEDLANDER, J., concur.