## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 21 2015, 12:59 pm

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Meridian Horton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 21, 2015

Court of Appeals Case No.
49A02-1411-CR-806

Appeal from the Marion County
Superior Court Criminal Division 8

Cause No. 49F08-1405-CM-23045

The Honorable Amy Jones, Judge

**Friedlander, Judge.**

[1] Meridian Horton was convicted of Criminal Trespass, a class A misdemeanor.[1] Horton appeals her conviction and presents the following restated issue for our review: Did the State present sufficient evidence to support a conviction for criminal trespass?

[2] We affirm.

[3] The facts most favorable to the conviction are as follows. Horton was homeless at the beginning of May 2014 and was staying in a women's shelter. All women wishing to stay overnight at the shelter are required to check-in before 4:00 p.m. Horton left the shelter to go to the food stamp office and pick up her medication. Horton missed her check-in time at the shelter because her trip lasted longer than she anticipated. Without a place to spend the night, Horton went to a nearby motel, King's Inn.

[4] King's Inn's overnight rate is forty dollars a night plus an additional ten-dollar security deposit. Horton had only fifty dollars to her name, which she gave to the King's Inn employee upon check-in. Once assigned a room, Horton placed her belongings on the ground and got into bed.

[5] The next morning, Horton went to check out of the motel room at 11:00 a.m. and to retrieve her security deposit. Maintenance noted that Horton had broken a lamp and flooded the floor in her assigned room. The motel employee

---

[1]Ind. Code Ann. § 35-43-2-2(b)(2) (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

told Horton she had "destroyed the room" and she could not have her security deposit back. *Transcript* at 16. Horton then requested to speak to the manager but was told the manager had yet to arrive. Horton called the police and waited for them to arrive.

[6] The manager of the motel arrived before law enforcement and tried to resolve the dispute with Horton but was unsuccessful. The manager asked Horton to leave the premises but she refused to leave until her deposit was returned. When the police officer arrived, Horton told the officer that she would not leave without her deposit. Horton was arrested for criminal trespass. On September 30, 2014, the trial court found Horton guilty of criminal trespass. The trial court explained that Horton's contractual interest in the room expired upon check-out.

[7] When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. at 651. "[This court] will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt." *Dumes v. State*, 23 N.E.3d 798, 801 (Ind. Ct. App. 2014).

[8] To convict Horton of criminal trespass the State was required to prove beyond a reasonable doubt that Horton (1) did not have a contractual interest in the property, and (2) knowingly or intentionally refused to leave the real property of

another person after having been asked to leave by the other person or that person's agent. *See* I.C. § 35-43-2-2(b)(2).

[9] Pertaining to the first element, Horton contends the State did not prove beyond a reasonable doubt that she lacked a contractual interest in the property. "'Contractual interest', as that phrase is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing." *Semenick v. State,* 977 N.E.2d 7, 10 (Ind. Ct. App. 2012). In *Woods v. State*, the court held, "[A] person with a contractual interest cannot become a trespasser by virtue of being asked to leave the premises." 703 N.E.2d 1115, 1117 (Ind. Ct. App. 1998).

[10] Horton argues she had a contractual interest as a guest of the motel and entertained a good faith belief that she had an implied right to remain on the property to settle the dispute over her security deposit. Horton acknowledges that her right to be in the motel room terminated upon checkout; however, she claims that her right to be on the motel's premises did not expire until the checkout process was complete by the return of her security deposit.

[11] "[T]he State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred." *Semenick v. State*, 977 N.E.2d at 10. In *Lyles v. State*, 970 N.E.2d 140, 143 (Ind. 2012), the Court held that the State met its burden of proof by presenting evidence showing the defendant was "irate

and disrespectful." "The defendant was neither an owner nor an employee of the bank, [and] the bank manager had authority to ask customers to leave the bank premises." *Id*.

Here, Horton "made quite the scene" when she tried to get around the front desk to confront the motel employee. *Transcript* at 5. The manager of the motel asked Horton to leave "several times" before she evicted Horton from the King's Inn. *Id*. at 7.

[12] As for the intent element, Horton contends that she did not have the requisite mens rea to be convicted of criminal trespass. Under I.C. § 35-43-2-2(b)(2), to satisfy the mens rea element the State must prove Horton knowingly or intentionally refused to leave the real property of another person after having been asked to leave by the other person or that person's agent.

[13] Horton argues that she believed she had a right to remain on the property until her security deposit dispute was resolved. "The belief that one has a right to be on the property of another will defeat the mens rea requirement of the criminal trespass statute if it has a fair and reasonable foundation." *Taylor v. State*, 836 N.E.2d 1024, 1028 (Ind. Ct. App. 2005). Assuming Horton believed that she had a right to remain on the property, such was unreasonable because she was asked to leave several times before law enforcement arrived. "When the evidence shows an invitee of a business has no contractual right to be on the business's premises and remains there after being asked to leave, the State has

met its burden to prove intent." *Olsen v. State*, 663 N.E.2d 1194, 1196 (Ind. Ct. App. 1996).

[14] Horton checked out of her motel room, set her belongings outside of the building, and returned to ask for her security deposit. Horton was informed that due to the room damage, the motel would not return her security deposit and she was asked to leave the property. Horton refused and told the property manager that she "would have to call the police" because she "wasn't going anywhere." *Transcript* at 8. When the police officer arrived, Horton stated, "You're going to have to cuff me because I'm not leaving." *Id.* The evidence was sufficient to prove that Horton committed criminal trespass.

[15] Judgment affirmed.

Baker, J., and Najam, J., concur.