## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 18 2016, 7:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ann M. Sutton
Marion County Public Defender
Agency–Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Murto,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 18, 2016

Court of Appeals Case No.
49A02-1604-CR-720

Appeal from the Marion Superior Court

The Honorable Allan W. Reid, Judge *Pro Tempore*

Trial Court Cause No.
49G10-1503-CM-8009

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Jeffrey Murto was convicted of Class A misdemeanor criminal trespass after he refused to leave the Irvington Public Library ("the Library") after being instructed to do so by a Library employee. On appeal, Murto contends that the evidence is insufficient to sustain his conviction. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] The Library is located on East Washington Street in Indianapolis. Michael Hylton is a Public Services Associate with the Indianapolis Public Library who was assigned to work at the Library[1] on the date in question. The rules governing patron conduct are posted in both the lobby of the Library and on the Library's website. Violation of the Library rules may result in expulsion from the Library. As part of his position as a Public Services Associate, Hylton had the authority to ask patrons to leave for violations of the Library's rules governing patron conduct.

[3] On March 6, 2015, Murto went to the Library. While at the Library, Murto became involved in a noisy "ruckus" with another patron. Tr. p. 49. Fearing that a fight was about to break out, Hylton approached Murto and the other patron. Hylton first engaged Murto, a frequent Library patron, because he felt

---

[1] The Library is a branch of the Indianapolis Public Library.

that, in light of his previous encounters with Murto at the Library, he had some level of rapport with Murto. The other patron left the Library while Hylton was speaking with Murto about his conduct, *i.e.*, yelling and loud talking, which violated the Library's rules. In the interest of maintaining decorum, Hylton repeatedly asked Murto to leave the Library. Murto refused, instead opting to continue to yell and to loudly tell Hylton that he was "Hitler and the Gestapo, and was taking away his rights." Tr. p. 52. Murto also loudly told Hylton to "have another donut." Tr. p. 53.

[4] After approximately five minutes, and numerous warnings to Murto, Hylton called the police. When the police arrived, Hylton, another Library employee, and the responding officers escorted Murto to the lobby of the Library. Murto refused the continued requests of Hylton and the responding officers to leave the Library. Once in the lobby, Hylton gave Murto a trespass notice indicating that Murto was, at least temporarily, not welcome at the Library. Hylton also read this notice aloud to Murto.

[5] Eventually, the responding officers were able to get Murto to step outside the Library. Once outside the Library, Murto positioned himself under the Library's awning and refused to move further. Despite clear instruction that the area where he was standing constituted Library property, being told to leave at least fifteen additional times, and being warned that he would be arrested for criminal trespass if he refused to leave, Murto refused to leave the Library. Even though the responding officers considered arrest their "last resort," given

Murto's continued refusal to leave the Library, Murto was eventually arrested for criminal trespass. Tr. p. 103.

[6] Also on March 6, 2015, Appellee-Plaintiff the State of Indiana ("the State") charged Murto with one count of Class A misdemeanor criminal trespass and one count of Class B misdemeanor disorderly conduct. Following a February 8, 2016 jury trial, Murto was found guilty of Class A misdemeanor criminal trespass. The jury did not reach a unanimous decision with respect to the disorderly conduct charge. The State subsequently moved to dismiss the disorderly conduct charge. At sentencing, the trial court sentenced Murto to a term of 365 days with credit for time served and the remaining time suspended to probation. As a condition of Murto's probation, Murto was ordered to complete forty hours of community service. The trial court also ordered Murto not to have any contact with Hylton and to stay away from the Library.

## Discussion and Decision

[7] Murto contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor criminal trespass.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling.

> Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[8] Indiana Code section 35-43-2-2(b)(2) provides that a person who "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent … commits criminal trespass, a Class A misdemeanor." Thus, in order to convict Murto of Class A misdemeanor criminal trespass, the State was required to prove that Murto did not have a contractual interest in the Library and that he knowingly or intentionally refused to leave the Library after having been asked to do so by the Library's agent. *See Lyles v. State*, 970 N.E.2d 140, 142-43 (Ind. 2012).

[9] It is undisputed that Murto did not have a contractual interest in the Library. The only question at issue in the instant appeal is whether the evidence is

sufficient to prove that Murto knowingly or intentionally refused to leave the Library after having been asked to do so by the Library's agent. We conclude that it is.

[10] The evidence clearly demonstrates that throughout the entire episode, which lasted approximately thirty minutes, Murto was continuously and repeatedly told by both Hylton and the responding police officers to leave the Library. Hylton also read aloud and gave Murto a trespass notice which indicated that he had to leave the Library. In light of these facts, we conclude that the evidence is sufficient to prove that Murto knowing or intentionally refused to leave the Library after having been instructed to do so by the Library's agent. Murto's claim to the contrary amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do.[2] *See Stewart*, 768 N.E.2d 433, 435.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.

---

[2] Further, to the extent that Murto cites to *Olsen v. State*, 663 N.E.2d 1194 (Ind. Ct. App. 1996) for the proposition that he could not be found guilty of criminal trespass because he had a reasonable belief that he had a right to remain at the Library, we observe that the facts of this case do not support a determination that Murto's claimed belief was reasonable.