## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

09/06/2017, 9:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Timothy J. Burns
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Cunningham,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 6, 2017

Court of Appeals Case No.
49A02-1703-CR-419

Appeal from the Marion Superior Court

The Honorable Rebekah Pierson-Treacy, Judge
The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G19-1609-CM-35137

**May, Judge.**

Steven Cunningham challenges the sufficiency of evidence supporting his convictions for Class A misdemeanor trespass[1] and Class B misdemeanor public intoxication.[2] We affirm.

## Facts and Procedural History

Doskieanna Howard lived with her fiancé, Daniel Gary, and knew Cunningham because "he comes on [their] street and walks and bother [sic] people on [their] street all the time." (Tr. at 6.) On September 3, 2016, Cunningham came into Howard and Gary's yard calling Howard's name.

Gary was in the driveway talking to a friend, Lyle Rogers. Howard and Cunningham began to argue. Howard, Gary, and Rogers believed Cunningham to be intoxicated. Cunningham had a vodka bottle in his back pocket. Gary thought Cunningham was intoxicated "[b]ecause of the way that he was talking." (*Id.* at 24.) Rogers believed Cunningham was intoxicated because he "was rantin' [sic] and ravin' [sic] [and] was going off." (*Id.* at 18.)

Cunningham threw a "little rock" at Howard and she threw it back at him. (*Id.* at 11.) Cunningham threatened to throw a rock through Howard and Gary's house window. At that point, Gary told him to leave the property. Gary told Cunningham "to leave out of [sic] the yard a couple of times." (*Id.* at 8.)

[1] Ind. Code § 35-43-2-2 (2016).

[2] Ind. Code § 7.1-5-1-3 (2012).

Howard told Cunningham to leave "a bunch" of times. (*Id.*) Cunningham did not immediately leave.

[5] Indianapolis Metropolitan Police Department Officer Ivan Ivanov was dispatched to the residence "on disturbance for some trespassing." (*Id.* at 29.) He talked with Howard who identified Cunningham as the man walking "[i]n the middle of Eastern Avenue . . . zig zagging." (*Id.*) When Officer Ivanov approached Cunningham he noticed the "the odor of alcoholic beverage [and that] his eyes were glassy and bloodshot." (*Id.* at 30.) Cunningham started yelling profanities at Officer Ivanov. Officer Ivanov detained Cunningham.

[6] The State charged Cunningham with Class A misdemeanor trespass and Class B misdemeanor public intoxication. Cunningham was convicted of both charges following a bench trial. The trial court sentenced him to two concurrent fourteen-day sentences in the Marion County Jail.

# Discussion and Decision

[7] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal

is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

### *Trespass*

[8] The definition of criminal trespass provides, in pertinent part, "[a] person who . . . not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent . . . commits criminal trespass." Ind. Code § 35-43-2-2(b)(2) (2016). The charging information stated Cunningham "not having a contractual interest in the property, did knowingly or intentionally refuse to leave the real property of another person, to-wit: Doskieanna Howard, after having been asked to leave by Doskieanna Howard or Her agent." (App. Vol. II at 15.)

[9] Cunningham asserts he "could not be found guilty of criminal trespass," (Br. of Appellant at 9), because the charging information was incorrect. Cunningham notes the charging information stated the real property belonged to Howard, when it was, in fact, owned by Gary. However, Cunningham has failed to cite any authority to suggest, much less demonstrate, that a person had to *own* the real property at issue in order to in order for the property to be "the real property *of*" that person as required for criminal trespass. *See* Ind. Code § 35-43-2-2(b) (2016). When an appellant fails to cite authority in support of an

argument, such argument can be waived for appellate review. *See Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) ("A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review.").

[10] Waiver notwithstanding, a person need not hold title to real property in order to have the right to exclude others for purposes of the criminal trespass statute. For example, a tenant has a "possessory interest in a rental unit for the purpose of supporting a criminal trespass action." *Walls v. State*, 993 N.E.2d 262, 267 (Ind. Ct. App. 2013), *trans. denied*. Similarly, apartment residents have sufficient possessory interest in the common areas outside their apartments "to possess authority to request [a defendant] leave." *Johnson v. State*, 38 N.E.3d 686, 691 (Ind. Ct. App. 2015).

[11] Howard testified she had lived in Gary's home for years. Gary stated Howard, who is his fiancé, had lived with him for "five or six years [and] has the right to ask people to leave." (Tr. at 24.) In *Walls*, we noted that a "rigid rule, applied without exception, that a tenant does not have a sufficient possessory interest in [common areas by which to access the leased apartment] would defy logic and lead to an absurd result." 993 N.E.2d at 267. We believe the same reasoning applies here. To hold that Howard, who had lived in her fiancé's house for five or six years, had no authority to deny access to a person who had no contractual interest in the property would defy logic and lead to an absurd result. We therefore hold Howard had a possessory interest in the property

sufficient to exclude Cunningham for the purposes of the criminal trespass statute.

[12] Howard told Cunningham to leave "a bunch" of times. (Tr. at 8.) Rogers heard Howard tell Cunningham to leave, but Cunningham did not do so. Thus, the State presented sufficient evidence to support the charge of trespassing as Cunningham did not have a contractual interest in the property, Howard had sufficient possessory interest, Howard requested Cunningham leave the premises, and Cunningham did not do so. *See*, *e.g.*, *Olsen v. State*, 663 N.E.2d 1194, 1196 (Ind. Ct. App. 1996) (evidence sufficient to support conviction of criminal trespass where defendant failed to leave after being repeatedly asked to leave).

### *Public Intoxication*

[13] The statute defining public intoxication provides "it is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance . . . if the person. . . harasses, annoys, or alarms another person." Ind. Code § 7.1-5-1-3(a)(4) (2012). The charging information stated Cunningham "was found at . . . a public place or a place of public resort, in a state of intoxication caused by the person's use of alcohol or a controlled substance and . . . was harassing, annoying or alarming Doskieanna Howar [sic]." (App. Vol. II at 15.) Thus, to prove Cunningham committed this offense, the State had to prove not only that Cunningham was in a state of intoxication but also that he was harassing, annoying, or alarming Howard.

[14] Cunningham concedes he was intoxicated in public. But Cunningham denies Howard "was harassed, annoyed or alarmed by [Cunningham's] intoxication" because the parties "had constant on-going arguments with each other . . . and they freely engaged in verbal arguments in the yard." (Appellant's Br. at 10.)

[15] Cunningham correctly notes our Indiana Supreme Court has held the determination of whether a defendant's behavior was annoying must be based on whether the behavior "would annoy the *reasonable* person." *Morgan v. State*, 22 N.E.3d 570, 577 (Ind. 2014) (emphasis added). The Court so held because "a subjective application of the term 'annoys' would lead to absurd results and exceedingly broad discretion in enforcement."[3] *Id*. at 576. Thus, for example, if other people in the area are "trying to back away" as the defendant "yell[s] . . . and walk[s] in an aggressive manner," that would lead to an inference that the reasonable person would be disturbed by the defendant's behavior. *Naas v. State*, 993 N.E.2d 1151, 1153 (Ind. Ct. App. 2013).

[16] Cunningham came to Howard's residence "rantin' [sic] and ravin' [sic] [and] was going off." (Tr. at 18.) He threw a rock at Howard. He threatened to throw a rock through the window of the house. That evidence was sufficient for the jury to find a reasonable person would have found Cunningham's

---

[3] Because the standard is based on a reasonable person, we need not consider Cunningham's assertions about Howard's "mental condition." (Br. of Appellant at 10.) Nor did she have any responsibility to "de-escalat[e] the situation." (*Id*.) *See, e.g.*, *Brown v. State*, 12 N.E.3d 952, 955 (Ind. Ct. App. 2014) (evidence sufficient that defendant harassed, annoyed, or alarmed a woman when woman "started going berserk" when intoxicated defendant ran into her), *trans. denied*.

behavior harassing, annoying, and/or alarming. Thus, the State sufficiently proved the charge.

# Conclusion

[17] The State presented sufficient evidence to prove the charges. Accordingly, we affirm.

[18] Affirmed.

Barnes, J., and Bradford, J., concur.